```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

RYAN McNEIL,                       )
                                   )
               Plaintiff,          )
                                   )
     v.                            )    No.  07 C 5602
                                   )
ASSISTANT EXECUTIVE DIRECTOR       )
ROMARO, et al.,                    )
                                   )
               Defendants.         )
```

## MEMORANDUM ORDER

Ryan McNeil ("McNeil") has submitted a 42 U.S.C. §1983[1] Complaint against Cook County Sheriff Thomas Dart and three codefendants who are high in the executive echelon at the Cook County Department of Corrections ("County Jail"), charging each of them with a failure to train staff people at the County Jail--an asserted failure that, McNeil says, resulted in his being attacked by a group of inmates armed with homemade knives. McNeil has accompanied the Complaint, which has been prepared by handwritten inserts to the form made available to persons in custody by this District Court's Clerk's Office, with two other Clerk-provided forms:

  1. an In Forma Pauperis Application ("Application"), supplemented by a printout covering transactions in McNeil's inmate trust fund account at the County Jail for the six-month period called for by 28 U.S.C. §1915; and

---

  [1] All further references to Title 42's provisions will simply take the form "Section--."

2. a Motion for Appointment of Counsel ("Motion"), as to which McNeil has failed to fill in its most important paragraph--that requiring a statement as to whatever attempts McNeil has made on his own to retain counsel to represent him.

But the Complaint contains a fatal flaw, for McNeil has expressly acknowledged his failure to have exhausted his administrative remedies regarding the grievance identified in the Complaint. Indeed, that acknowledgment in Complaint ¶III has been confirmed by McNeil's attachment of copies of two September 23, 2007 Detainee Grievances as exhibits to the Complaint.

Because the exhaustion of administrative remedies has been specified by Congress in Section 1997e(a) to be a precondition to the filing of any Section 1983 action, both McNeil's Complaint and this action must be and are dismissed as premature. Such dismissal is of course without prejudice to a possible future refiling as and when McNeil complies with Section 1997e(a).

In an effort to lessen the likelihood of possible neglect of McNeil's grievances at the administrative level (McNeil complains of such neglect in Complaint ¶III.C.2, which states verbatim "There was not any results. Its as if Im not being heard," and in Complaint ¶III.C.3, which states "I did appeal and nothing has been done"), copies of this memorandum order are also being sent

to the Cook County State's Attorney and Sheriff Dart. It is hoped that either or both will take steps to facilitate the consideration of McNeil's grievance.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: October 9, 2007

---

 [2] Because of the dismissal of this action, both the Application and the Motion are denied as moot.